UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Illinois Farmers Insurance Company,
Farmers Insurance Company, Inc.,
21st Century Insurance Company,
Bristol West Casualty Insurance Company, and
Mid-Century Insurance Company,

                Plaintiffs,

v.

Huy Ngoc Nguyen, D.C.,
Healthcare Chiropractic Clinic, Inc., and
Northwest MRI Center, Inc.,

                Defendants.

**COMPLAINT**
**Jury Trial Demanded**

Plaintiffs Illinois Farmers Insurance Company, Farmers Insurance Company, Inc., 21st Century Insurance, Bristol West Casualty Insurance Company, and Mid-Century Insurance Company (herein "Plaintiffs"), by their attorney, Richard S. Stempel of Stempel & Doty, PLC, for their Complaint against Defendants, state as follows:

## I. INTRODUCTION AND NATURE OF CASE

1. Defendants billed Plaintiffs for services which they did not render to Plaintiffs' insured claimants, unlawfully solicited motor vehicle accident victims, and engaged in a systematic pattern and practice treatment protocol that gives all patients the same treatment regardless of need in order to justify excessive treatment and maximize the Defendants' revenues and profits.

2.   These fraudulent business practices have damaged Plaintiffs by causing the Plaintiffs to pay for care which was not actually rendered to Plaintiffs' insured claimants and by causing Plaintiffs to pay for treatment which was excessive and/or unnecessary.

3.   Plaintiffs therefore bring this lawsuit under:  the Uniform Declaratory Judgment Act; [the Minnesota Consumer Protection statutes]; for common law fraud, disgorgement under Minn. Stat. § 65B.54, subd. 4; Minnesota No-Fault fraud; and for misrepresentation of material fact for unnecessary referrals for MRI scans.

## II.  JURISDICTION AND VENUE

4.   Subject matter jurisdiction between the parties exists pursuant to 28 U.S.C. §1332(a)(1) as this is a civil action between citizens of different states where the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

5.   Venue is appropriate with the District Court for the District of Minnesota pursuant to 28 U.S.C. §1391(a) as the Defendants reside in this judicial district and a substantial part of the events and omissions giving rise to the claim occurred in the district of Minnesota.

## III.  BACKGROUND

### A.  Plaintiffs

6. Plaintiff Illinois Farmers Insurance Company is a corporation incorporated under the laws of Illinois with its principal place of business in Illinois.

7. Plaintiff Farmers Insurance Company, Inc. is a corporation incorporated under the laws of California with its principal place of business in California.

8. Plaintiff 21st Century Insurance Company is a corporation incorporated under the laws of Delaware with its principal place of business in Delaware.

9. Plaintiff Bristol West Insurance Company is a corporation incorporated under the laws of Ohio with its principal place of business in Florida.

10. Plaintiff Mid-Century Insurance Company is a corporation incorporated under the laws of California with its principal place of business in California.

11. Plaintiffs are authorized to conduct business and to issue policies of automobile insurance in the State of Minnesota.

12. At all times relevant herein, Plaintiffs have been required to provide basic economic benefits for each policy of automobile insurance they sell in Minnesota.  This coverage has been required in automobile insurance policies pursuant to the Minnesota No-Fault Act enacted as Minnesota Statute §§ 65B.41-.71.

## B. **Defendants**

13. Huy Ngoc Nguyen, D.C. (herein "Defendant Nguyen") is a citizen of Minnesota.

14. Healthcare Chiropractic Clinic, Inc. (herein "Defendant Healthcare Chiropractic") is a corporation incorporated under the laws of Minnesota with its principal place of business in Minnesota.

15. Northwest MRI Center, Inc. (herein "Defendant Northwest MRI") is a corporation incorporated under the laws of Minnesota with its principal place of business in Minnesota.

### C.  **The Nature of the Scheme**

16.  Plaintiffs are duly licensed to sell and issue automobile insurance policies in the state of Minnesota. Pursuant to Minnesota law, these automobile insurance policies all provide for no-fault automobile benefits which include, but are not necessarily limited to, a minimum of $20,000.00 in medical expense per person per accident.

17. Pursuant to the stated purpose of the Minnesota No-Fault Act, Minn. Stat. § 65B.41, et seq., Plaintiffs' medical expense benefits provide coverage for all reasonable and necessary medical expense directly related to motor vehicle accidents. As set forth in the No-Fault Act, the medical expense coverage does not provide coverage for fraudulent treatment, fraudulent billing, or excessive and unnecessary treatment.

18. Plaintiffs are under a statutory duty to investigate insurance fraud pursuant to Minn. Stat. § 60A.951, et seq.

19. Plaintiffs' Special Investigation Unit has conducted an investigation into the operations and business practices of the Defendants. This investigation has established that Defendants Nguyen and Healthcare Chiropractic have actively solicited Plaintiffs' insured claimants following motor vehicle accidents by the use of clinic "runners," and cash incentives to the insured claimants to treat or continue treating.  The clinic runners utilized by Defendants Nguyen and Healthcare Chiropractic include, but are not necessarily limited to: 1) "L.P."; 2) "L.N."; 3) "P.V."; and 4) "K.J."  These and other clinic runners working for and in conjunction with the Defendants have solicited Plaintiffs' insured claimants following motor vehicle accidents in order to induce Farmers' insured claimants to treat with Defendants Nguyen and Healthcare Chiropractic.

20. Defendants have solicited Plaintiffs' insured claimants as part of their scheme to excessively treat and/or bill Plaintiffs for treatment which was not actually rendered to Plaintiffs' insured claimants in order for the Defendants to maximize revenue and generate large profits.

21. Defendants have engaged in pattern and practice billing in which Plaintiffs' insured claimants are given protocol treatment of the same therapies, regardless of the patient's age, gender, type of trauma, or physical complaints.  Defendants have billed Plaintiffs for this pattern and practice treatment whether Plaintiffs' insured claimants actually received the treatment or not and whether the patients actually needed the therapy or not in order for the Defendants to maximize their revenue and their profits.

22.  Defendant Nguyen is a chiropractor licensed in the state of Minnesota since August 1, 2004. Defendant Nguyen is the owner of Defendant Healthcare Chiropractic which, at all times relevant, has maintained two clinic locations, one at 2645 First Avenue South, Minneapolis, MN 55408; and the other at 5827 – 74th Avenue North, Brooklyn Park, MN 55444.  Defendant Nguyen is also the owner of Defendant Northwest MRI, which is located at 4610 Oak Grove Parkway North in Brooklyn Park, MN 55443.

23. Defendant Nguyen refers his chiropractic patients from Defendant Healthcare Chiropractic for diagnostic imaging, generally MRI scans, at Defendant Northwest MRI, without advising the patients that he is the owner and has a financial interest in Defendant Northwest MRI.  Defendant Nguyen's referrals of his chiropractic patients for diagnostic imaging at Defendant Northwest MRI fail to meet the accepted protocol for MRI referrals in Minneapolis-St. Paul medical and/or chiropractic community.  These referrals to

Defendant Nguyen's own MRI facility, Defendant Northwest MRI, are made without a reasonable basis or need for the diagnostic imaging so that Defendant Nguyen can maximize revenue and his profits from his chiropractic patients. The referrals by Defendant Nguyen of chiropractic patients from Defendant Healthcare Chiropractic are neither reasonable nor necessary and are made without a reasonable medical basis for diagnostic imaging at Defendant Northwest MRI, being set forth in the patient's medical records.

24. Defendants Nguyen and Healthcare Chiropractic have paid patients cash in order to induce them to treat and/or continue treating at Defendant Healthcare Chiropractic. Defendant Nguyen typically pays $900.00 to $1,000.00 cash to patients as an inducement to treat or continue treating.

25. Defendants Nguyen and Healthcare Chiropractic intimidate patients to continue their treatment if the patient either ceases treatment or indicates that they will no longer treat with Defendant Healthcare Chiropractic. These threats include phone calls and/or threats against the patients.

26. Defendant Nguyen bills all treatment and therapy under his name as the treating chiropractor for both of Defendant Healthcare Chiropractic's locations. Upon information and belief, as well as an analysis of the billing to Plaintiffs, Defendant Nguyen could not possibly render all of the treatment billed under his name for Plaintiffs' insured claimants for both locations of Defendant Healthcare Chiropractic. This is further evidence of billing for services not rendered and/or billing of excessive and unreasonable amounts to Plaintiffs.

27. Since January 1, 2010, Plaintiffs have paid $1,399,704.73 to Defendants Healthcare Chiropractic and Northwest MRI. *See* Exhibit A.

28. Amounts that Plaintiffs have held pending from Defendants Healthcare Chiropractic and Northwest MRI total $165,759.50. *Id.*

29. Upon information and belief, Defendant Nguyen is the sole owner of Defendant Northwest MRI.

30. Defendant Nguyen is in violation of the applicable state and federal "Stark" laws which prohibit self-referral without making a proper and adequate notification to Farmers' insured claimant patients that Defendant Nguyen is referring the patient to a diagnostic imaging facility which he owns.

31. Plaintiffs' investigation has established that Defendant Nguyen is templating diagnosis codes as well as exam findings in order to justify performing chiropractic manipulation of three to four regions. In addition, Defendant Nguyen refers Plaintiffs' insured claimant patients for MRIs to his wholly owned diagnostic imaging center, Defendant Northwest MRI. These MRI referrals are made within 30 days or less of the date of their initial visit to Defendant Healthcare Chiropractic, and/or without any radicular symptoms reported by the patients. This is a violation of the applicable American College of Radiology Guidelines for sprain/strain injuries and evidences Defendant Nguyen's billing for care which is not needed and is unreasonable.

32. Plaintiffs have analyzed the records for 243 of Plaintiffs' insured claimant patients with Defendants Nguyen and Healthcare Chiropractic. 100% of these 243 patients allegedly reported neck pain, mid back pain and low back pain following their

motor vehicle accident.  Plaintiffs' analysis revealed evidence of Defendant Nguyen and

Healthcare Chiropractic templating reported symptoms of patients, examination findings,

and diagnosis codes. The applicable diagnosis codes for neck pain, mid back pain and

low back pain are 847.0; 847.1; and 847.2, respectively.   87.8% of the CMS 1500 billing

forms submitted by Defendants Nguyen and Healthcare Chiropractic to Plaintiffs show

these three diagnoses codes.  It is statistically and scientifically improbable that 100% of

243 patients had neck pain, mid back pain and low back pain.  Defendant Nguyen is

falsifying his medical records for the alleged symptoms of Plaintiffs' insured claimant

patients so that Defendants Nguyen, Healthcare Chiropractic and Northwest MRI Center,

Inc. can bill for treatment which is not required and which is not necessary.

**D.  <u>Representative Examples of Defendants' Frauds</u>**

**C.W., Claim No. 3001081146-1-1.**

33.   C.W. testified in his examination under oath that he never received chiropractic

manipulation either by hand or by activator during any of his treatment visits to

Defendant Healthcare Chiropractic.  Defendants Nguyen and Healthcare Chiropractic

billed Plaintiffs for a chiropractic adjustment on 13 visits, totaling $910.00.  C.W. was

also referred to Defendant Northwest MRI for an MRI scan even though this was neither

necessary nor was C.W. advised of Defendant Nguyen's ownership interest in the

diagnostic imaging facility.

34. C.W. appeared as his examination under oath utilizing crutches.  C.W. testified

that he had a prior slip and fall just before his motor vehicle accident which caused him

to be in a wheelchair at the time of his first visit to Defendant Healthcare Chiropractic.

Despite the fact that C.W. was in a wheelchair, Defendant Nguyen failed to ask C.W. about any prior accidents, injuries or other pertinent medical history.  Defendant Nguyen's failure to take a proper medical history resulted in a flawed diagnosis and inappropriate therapy for C.W. which was billed to Plaintiffs.

**A.G., Claim No. 3001325697-1-4.**

35.  A.G. testified that he was out of town from Minneapolis-St. Paul from August 12, 2014 to August 19, 2014 and that he, therefore, could not have treated with Defendants Nguyen and Healthcare Chiropractic during this time period. Plaintiffs received and paid a bill from Defendant Healthcare Chiropractic for a treatment visit for a date of service of August 18, 2014.

**C.L., Claim No.: 1023433447-1-4.**

36. C.L. testified in her sworn statement that she did not begin to treat with Defendant Healthcare Chiropractic until June 24, 2013.  Defendants Nguyen and Healthcare Chiropractic billed Plaintiffs for an initial exam and therapy with a date of service of June 21, 2013.

**G.B., Claim No. 8002005561-1-3.**

37.  G.B. testified that after three weeks of treatment, G.B. and her mother felt fine and discontinued treatment with Defendants Nguyen and Healthcare Chiropractic. Defendant Nguyen called G.B.'s home several days after they discontinued treatment and spoke with G.B.'s mother.  Defendant Nguyen demanded that G.B. and her mother come back to the clinic and treat for six more months or he would bring a claim against them. This call intimidated G.B. and her mother.

**J.M., Claim No. 1023366176-1-2.**

38.  J.M. testified under oath that he began treatment with Defendants Nguyen and Healthcare Chiropractic on May 29, 2013 and then left Minnesota two to three weeks after he began treatment to travel to the state of Tennessee.  Plaintiffs were billed for dates of service of June 14, 17, 21, 24, 26, 27, 28, July 3, and July 5 during the time period that J.M. was absent from the state of Minnesota and did not actually treat with Defendants Nguyen and Healthcare Chiropractic.

**L.S., Claim No. 3000392591-1-2.**

39.  L.S. testified in her sworn statement that she never received any adjustments to her mid back, low back or shoulders for her accident because she was in her last weeks of a pregnancy.  Defendants Nguyen and Healthcare Chiropractic billed Plaintiffs for a three to four region chiropractic adjustment under CPT Code 98941 for each of L.S.'s treatment visits even though L.S. did not receive a three to four region chiropractic adjustment.

**Q.N., Claim No.: 8002544930-1-2.**

40.  Q.N. testified in an examination under oath that he did not commence his treatment with Defendants Nguyen and Healthcare Chiropractic for at least one week following his accident of October 16, 2013.  Defendants Nguyen and Healthcare Chiropractic billed Plaintiffs for an initial exam and for therapy with a date of service of October 18, 2013.  Q.N. testified that this initial date of service did not actually occur.

**T.Q., Claim No.: 3002132816-1-2**

41. Plaintiff Farmers' insured T.Q. testified in an examination under oath that he received chiropractic adjustments for two weeks and then the adjustments stopped. The claimant testified that he did not have any additional adjustments after the initial two week period of treatment. Defendants Nguyen and Healthcare Chiropractic billed Plaintiffs for an additional 24 dates of service of chiropractic adjustments, which were not rendered to T.Q. Therefore, Defendants Nguyen and Healthcare Chiropractic billed Plaintiffs for approximately 24 dates of service for chiropractic adjustments at the rate of $70.00 per adjustment which were never rendered to Plaintiffs' insured claimant, T.Q. Defendants Nguyen and Healthcare Chiropractic falsely billed for $1,680.00 in chiropractic adjustments which were not rendered.

42. T.Q. reported improved pain or even no neck pain on dates of service of November 29, 2014, December 2, 2014, December 4, 2014 and December 6, 2014. Despite the report of these symptom improvements by T.Q., Defendant Nguyen referred T.Q. on December 8, 2014, to Defendant Northwest MRI, which Defendant Nguyen owns, for cervical and lumbar MRI scans. Defendant Nguyen never referenced in the Defendant Healthcare Chiropractic medical records the medical reasoning for the MRI referral.

43. Plaintiff Farmers has obtained the testimony of two former patients of Defendants Nguyen and Healthcare Chiropractic. These individuals, P.V. and M.H., testified that Defendants Nguyen and Healthcare Chiropractic gave them $900.00 after they started treatment in order to keep them treating with Defendant Healthcare

Chiropractic. These individuals testified that Defendant Nguyen's father came in and handed them an unmarked envelope with nine $100.00 bills in it and made it clear that the money was encouragement for these individuals to continue treating with Defendants Nguyen and Healthcare Chiropractic.

44.   Plaintiff Farmers' investigation has established that another individual who was involved in another motor vehicle accident was contacted by telephone by a female who identified herself as "Kathryn Johnson." This individual called the accident victim and encouraged the motor vehicle accident victim to meet with Defendants Nguyen and Healthcare Chiropractic.

45.   The telephone caller, who solicited the motor vehicle accident victim, advised the accident victim that he would receive $500.00 if he went to Defendant Healthcare Chiropractic following his accident.

**A.L., Claim No. 3000258804-1-3**

46.   A.L. testified under oath that he only received cervical chiropractic adjustments on one out of every three treatment visits. A.L. treated at least 18 times with Defendants Nguyen and Healthcare Chiropractic and Defendant Healthcare Chiropractic billed Plaintiffs for a three to four region level chiropractic adjustment (CPT Code 98941) on all 18 dates of service.

47.   A.L. testified that his accident occurred on January 24, 2015 and that he did not seek treatment with Defendants Dr. Nguyen and Healthcare Chiropractic until February 2, 2015.  The accident "questionnaire" from Defendants Nguyen and Healthcare Chiropractic claim an accident date of January 20, 2014 and an initial visit by A.L. on

12

January 26, 2015.  Defendants Nguyen and Healthcare Chiropractic billed Plaintiffs for three treatment visits with dates of service allegedly being January 26, 28 and 30, 2015. This is contradicted by A.L.'s sworn testimony that he did not even go to Defendant Healthcare Chiropractic until February 2, 2015.

### O.O., Claim No. 3001329310-1-2

48.  O.O. was involved in an incident where a piece of metal struck his windshield. There was no contact with a fixed object or other motor vehicle. There was no direct trauma to O.O.'s spine.  Despite the fact that O.O. had no direct injury to his neck or back from the object hitting his vehicle's windshield, Defendant Nguyen self-referred O.O. to Defendant Nguyen's Northwest MRI for an MRI of the cervical and lumbar spine.

49.  This MRI was done on September 4, 2014, only 21 days after the initial visit by O.O. on August 14, 2014.  The medical reason for the MRI scan referral was never made in Defendant Nguyen's clinic notes.   The referral was medically unnecessary and was unreasonable under the facts and circumstances of the incident.  Defendant Northwest MRI billed Plaintiffs $3,700.00 for these two scans.

### IV. COUNTS

## COUNT 1 – COMMON LAW FRAUD
### (All Defendants)

50. Plaintiffs re-allege, re-plead, and incorporate by reference all paragraphs set forth above as if fully set forth herein.

51.  Defendants Nguyen, Healthcare Chiropractic and Northwest MRI have engaged in a pattern and practice of fraud against Plaintiffs in their solicitation of, alleged treatment of, and billing for the alleged treatment of Plaintiffs' insured claimants.

52.  Defendants have made false representations of material facts which they knew or should have known to be false. These misrepresentations of material fact include, but are not necessarily limited to, actual dates of service, whether the treatment therapy was actually performed, representations on how the patient came to be a patient of Defendants, omission and/or cover-up of the Defendants' solicitation activities, and billing for services not rendered.

53.  Defendants made these false representations with knowledge that they were false and/or in blatant disregard of whether the factual representation was true or false.

54.  Defendants made their misrepresentations of material fact with an intent to induce Plaintiffs to act in reliance on these false representations in order to further their scheme of fraudulent billing.

55.  The Defendants' false representations are a direct cause in Plaintiffs acting in reliance on these false representations and making payments for the billing by Defendants.

56.  Plaintiffs suffered pecuniary damages as a result of their reasonable reliance on Defendants' false representations.  As a direct result of Defendants' fraud and misrepresentation, Plaintiffs have sustained damages in excess of $50,000.00.

## COUNT 2 – NO-FAULT FRAUD
### (All Defendants)

57. Plaintiffs re-allege, re-plead, and incorporate by reference all paragraphs set forth above as if fully set forth herein.

58. Defendants have intentionally perpetrated a scheme to obtain payments from Plaintiffs by manipulation of the Minnesota No-Fault Act through the Defendants' no-fault fraud and misrepresentation.  This fraud and misrepresentation on the part of Defendants includes, but is not necessarily limited to, billing Plaintiffs for dates of service which did not occur, billing Plaintiffs for therapies and treatment which were not received by Plaintiffs' insured claimants, billing Plaintiffs for treatment which was excessive and unnecessary, and illegally soliciting Plaintiffs' insured claimants for treatment.

59.  The Defendants' conduct was intentional and deliberate in order for the Defendants to take advantage of Minnesota's liberal no-fault benefits and allowed Defendants to maximize their revenue and generate significant profits.

60.  As a direct result of the Defendants' no-fault fraud, Plaintiffs have been damaged in excess of $50,000.00.

## COUNT 3 – DISGORGEMENT
### (Defendants Nguyen and Healthcare Chiropractic)

61. Plaintiffs re-allege, re-plead, and incorporate by reference all paragraphs set forth above as if fully set forth herein.

62. Defendants Nguyen and Healthcare Chiropractic have utilized  various clinic runners to solicit and induce Plaintiffs' insured claimants to treat and/or continue treating

15

with Defendant Healthcare Chiropractic in violation of Minn. Stat. § 65B.01, Subd. 4. Defendants are responsible for the misrepresentations of material fact made in connection with the treatment expense for this unethical conduct.

63.   Plaintiffs are entitled to recover payments made to Defendants Nguyen and Healthcare Chiropractic pursuant to Minn. Stat. § 65B.54, Subd. 6 through the legal theory of disgorgement.  Defendants Nguyen and Healthcare Chiropractic have misrepresented the material facts of whether Plaintiffs' insured claimants actually needed the treatment, whether the treatment was reasonable and necessary and whether the treatment was actually provided.

64.   As a direct result of the Defendants' intentional and deliberate solicitation of Plaintiffs' insured claimants, Plaintiffs have been damaged in excess of $50,000.00.

## COUNT 4 – UNJUST ENRICHMENT
### (All Defendants)

65.   Plaintiffs re-allege, re-plead, and incorporate by reference all paragraphs set forth above as if fully set forth herein.

66.   Defendants Nguyen, Healthcare Chiropractic and Northwest MRI billed and received payment from Plaintiffs for therapies, treatment and diagnostic studies which the Defendants knew were not necessary for the treatment of Plaintiffs' insured claimants, were excessive, and were part of a pattern and practice of treatment for Plaintiffs' insured claimants so that the Defendants could generate the highest revenue possible and drive up maximum profits from their alleged care and treatment of the Plaintiffs' insured claimants.

67. Defendants Nguyen, Healthcare Chiropractic, and Northwest MRI subsequently received payments from Plaintiffs (directly or indirectly, including payments through the no-fault arbitration process) for the costs of performing these advertised services.

68. The above facts, among others, demonstrate that Defendants knowingly received something of value beyond which they were entitled.

69. In order to obtain payments from Plaintiffs, Defendants made misrepresentations to Plaintiffs' insured claimants and Plaintiffs by falsely advertising their services.

70. Under such circumstances, it would be unjust for Defendants to retain the benefits paid by Plaintiffs.

71. Plaintiffs are, therefore, entitled to receive damages in an amount to be determined at trial to compensate Plaintiffs for the money that Defendants have unjustly received.


WHEREFORE, Plaintiffs pray for the judgment of this Court as follows:

72. Ordering Defendants to reimburse Plaintiffs for the money Plaintiffs have paid due to Defendants' commissions of no-fault fraud, consumer fraud, and common law fraud;

73. Ordering that any and all outstanding balances purportedly owed by Plaintiffs to Defendants Nguyen, Healthcare Chiropractic and Northwest MRI for any treatment rendered in violation of the no-fault act is non-compensable as a matter of law;

74. Ordering Defendants to compensate Plaintiffs the amounts that Defendants have been unjustly enriched by the misconduct underlying this complaint;

75. Ordering that Defendants are to have no communications or contact with any individuals insured by Plaintiffs;

76. Awarding Plaintiffs interest and costs, including attorneys' fees; and

77. Awarding Plaintiffs such other and further relief as the Court deems just.

[SIGNATURE PAGE FOLLOWS]

STEMPEL & DOTY, PLC


Dated:      January 20, 2016          By: /s/ Richard S. Stempel

Richard S. Stempel, MN #161834
Bradley L. Doty, MN #276364
Jesse W. Busta, MN #395294
Brian J. Cassidy, MN #392125
Francis J. Chang, MN #394894
41 12th Avenue North
Hopkins, MN 55343
Phone: (952) 935-0908
Fax: (952) 935-0938
rick@stempellaw.com
brad@stempellaw.com
jesse@stempellaw.com
dacia@stempellaw.com

**ATTORNEYS FOR PLAINTIFFS ILLINOIS FARMERS INSURANCE COMPANY, FARMERS INSURANCE COMPANY, INC., 21ST CENTURY INSURANCE COMPANY, BRISTOL WEST CASUALTY INSURANCE COMPANY, AND MID-CENTURY INSURANCE COMPANY**

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

STEMPEL & DOTY, PLC

Dated: January 20, 2016        By: /s/ Richard S. Stempel
                                      Richard S. Stempel, MN #161834
                                      Bradley L. Doty, MN #276364
                                      Jesse W. Busta, MN #395294
                                      Brian J. Cassidy, MN #392125
                                      Francis J. Chang, MN #394894
                                      41 12th Avenue North
                                      Hopkins, MN 55343
                                      Phone: (952) 935-0908
                                      Fax: (952) 935-0938
                                      rick@stempellaw.com
                                      brad@stempellaw.com
                                      jesse@stempellaw.com
                                      dacia@stempellaw.com

                                      **ATTORNEYS FOR PLAINTIFFS**
                                      **ILLINOIS FARMERS INSURANCE**
                                      **COMPANY, FARMERS**
                                      **INSURANCE COMPANY, INC.,**
                                      **21ST CENTURY INSURANCE**
                                      **COMPANY, BRISTOL WEST**
                                      **CASUALTY INSURANCE**
                                      **COMPANY, AND MID-CENTURY**
                                      **INSURANCE COMPANY**